E. C. Ernst, Inc.

v.

Blake Construction Co., Inc., et al.

August 11, 1982

Case No. LF-459

By JUDGE WILLARD I. WALKER

This matter is before the court on motion of defendants, Blake Construction Co., Inc. (Blake) and The Aetna Casualty & Surety Company (Aetna), to profert the subcontract of September 13, 1977, between Blake and plaintiff, E. C. Ernst, Inc. (Ernst), which forms the basis of this litigation. Additionally, Blake and Aetna seek a motion to require Ernst to file a bill of particulars in regard to Count I of the motion for judgment and move for demurrer in regard to Count II. The parties argued only on the motion to profert in their May 25, 1982, hearing; therefore, the court will rule only on that motion at this time.

The facts of the case stated briefly are: Blake entered into a general contract with the Commonwealth of Virginia on July 18, 1977, for the construction of a state office building called the 14th Street Towers, Phase II, and now known as the James Monroe Building.

On September 13, 1977, Ernst entered into an agreement with Blake to perform as subcontractor for that portion of the general contract dealing with the installation of electrical devices and equipment in the office building.

Due to alleged cost overruns on the part of Ernst and delays on the part of Blake, this suit resulted. Ernst claims it should be compensated for its increased cost and expense during construction. Blake claims that its contract with Ernst absolves its liability and seeks to profert the contract to prove its position.

The motion by Blake and Aetna to profert the contract between Ernst and Blake is sustained.

During the hearing on this matter, and in its brief, Ernst's contention was that the 1950 Code of Virginia, § 8.01-271 (1977 Repl. Vol.) repealed as unnecessary former 8-105 which provided for profert. While the Revisers' notes to § 8.01-271 mention that profert is now unnecessary, as it is encompassed by the rules and procedure for discovery, the notes do not suggest, nor does the Code state, that profert has been abolished. In order to abolish a common law plea such as profert, the legislature must speak specifically to that effect. Additionally, a recent case decided by Judge Ryan of the Circuit Court of the City of Norfolk which sustained a motion to profert was found to contain no error by the Virginia Supreme Court, and was dismissed on appeal. Richard v. Glasser, Exor., etc., Record No. 750689 (1975) [216 Va. cviii].